11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David
Markley Lance

Appellant

Vs.       Nos.
11-01-00154-CR, 11-01-00155-CR, 11-01-00156-CR, 11-01-00157-CR, 

         11-01-00158-CR, 11-01-00159-CR,
11-01-00160-CR, 11-01-00161-CR, & 

        
11-01-00162-CR B Appeals from Dallas County         

State
of Texas

Appellee

 

In Cause Nos. 11-01-00154-CR, 11-01-00155-CR,
11-01-00156-CR, 11-01-00157-CR, 11-01-00158-CR, and 11-01-00159-CR, the trial
court convicted appellant, upon his pleas of guilty, of possession of child
pornography.  In Cause Nos.
11-01-00160-CR, 11-01-00161-CR, and 11-01-00162-CR, the trial court convicted
appellant, upon his pleas of guilty, of aggravated sexual assault of a child.  No plea bargain agreements were
entered.  The trial court assessed
appellant=s punishment at
confinement for 10 years in each of the child pornography convictions and
confinement for life for each of the aggravated sexual assault
convictions.  We affirm.

Appellant=s court-appointed counsel has filed a
brief in which he conscientiously examines 
the entire record and analyzes the applicable law.  Counsel reviews the proceedings in the trial
court and concludes that each indictment conferred jurisdiction on the trial
court, that appellant properly waived his right to trial by jury, that the
trial court properly admonished appellant concerning his pleas, that the State
presented sufficient evidence, that trial counsel afforded reasonably effective
assistance, and that the punishment was within the range authorized.  Counsel further concludes that appellant Areceived a fair
trial free from reversible error.@  








Counsel has furnished appellant with a copy of the brief and
has advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436
S.W.2d 137 (Tex.Cr.App.1969).

Following the procedures outlined in Anders, we have
independently reviewed the record. 
Leroy Brantley, an officer with the Rowlett Police Department, testified
that he began investigating appellant after 7-year old K.C., the victim in
Cause No. 11-01-00162-CR, made an outcry. 
Appellant was arrested, and Officer Brantley obtained consent from
appellant=s wife to
search their home.  In a bedroom that
had been converted to a computer room, Officer Brantley found pictures of nude
females and nude males pinned to the walls. 
Behind the computer and beneath a sheet of white paper was a picture of
a Ayoung girl, a
child, performing oral sex on an adult male.@ 
In the closet in the computer room, Officer Brantley found two cardboard
boxes stacked one on top of the other. 
A picture of another young child performing oral sex on an adult male
was on top of the boxes.  Next to the
picture was a bottle of personal lubricant and a Avariety of dildos.@  During his interviews with Officer Brantley,
appellant admitted to fondling S.C., the victim in Cause Nos. 11-01-00160-CR
and 11-01-00161-CR.[1]  Appellant identified several of the
photographs recovered from his residence as being photographs of S.C.   

Officer Brantley seized appellant=s
computer.  Michael Flinchbaugh, a
special agent assigned to the Federal Bureau of Investigation=s violent crime
unit, secured a search warrant to retrieve data from the computer and from
floppy disks and zip disks.  Special
Agent Flinchbaugh testified that approximately 1400 pornographic pictures of
children, 270 pictures that were borderline (meaning that because of the pose
it was difficult to determine the age of the person), and 35 movies of child
pornography were recovered.  








K.C. testified that she was eight years old at the time of
trial.  She had known appellant for two
years, and he would often play checkers with her.  K.C. thought appellant came over to her house almost every
day.  When he did, he would talk to
her.  Sometimes, he would come into her
room and do things she did not like. 
K.C. stated that appellant had Abad pictures@ in his
computer room of grownups without their clothes.  Appellant had shown her pictures on his computer of kids without
their clothes on.  K.C. testified that
appellant used his camera to take pictures of her without her clothes on and
that he had made movies of her with her clothes off.  When she went to appellant=s house, they would watch@[ t]hose kind
of movies,@ and sometimes
appellant would have his clothes off Adown there.@ 
K.C. testified that sometimes appellant touched her Adown there@ with his
finger.  K.C. stated that his finger
would go inside her private part.  She
also testified that appellant touched his private part on her private part.  

S.C. testified that she was 11 years old at the time of
trial.  She had met appellant because
her mother knew appellant=s wife. 
Sometimes appellant would come to S.C.=s house, and sometimes she would go to
his.  When she would be in the computer
room at his house, appellant would sometimes do Abad things.@ 
He would touch her Atop private@ and her Abottom private@ with his
hand.  He would also touch her Abottom private@ with his
mouth.  S.C. testified that the Abottom private@ was Athe part you go
pee pee from.@  Appellant would also show her his
private.  One time when appellant was
painting at her house, S.C, asked if she could paint.  Appellant told her that she could if she Adid something.@  Appellant Astuck his private into@ hers.  S.C. said that it felt cold when he did that
and that she got to paint afterwards.   


Appellant testified that pornography was an obsession for
him and that he had Aa specific attraction to seven to nine year old
girls.@  He admitted to touching K.C. with sexual
intent.  He testified that he had had
sexual contact with S.C. for over a year and a half.  He also stated that he had a Agenuine affection@ for both
girls, that he had a Agreat friendship@ with them, that he knew at the time he
was doing wrong, and that he felt Aterrible.@ 
Appellant stated that he had had no other victims other than these two
girls and that Ait  began@ with S.C. and Ait ended@ with K.C.  With S.C., appellant stated that he quit
having sexual contact with her after the incident at her house.  Appellant said that he was not sure why he
stopped but he Afelt
uncomfortable@ and A[m]aybe she
just wasn=t appealing to
[him] anymore.@  Appellant identified several of the State=s exhibits as
being pictures he took of S.C.  Two of
the pictures were of S.C.=s anus and vagina.  Appellant identified another picture as Aa picture of
[S.C.] bending over showing her private parts and me with my penis on top of
the photograph.@  Appellant admitted to possessing over 1400
pictures of child pornography and about 300 pictures of adult pornography.  Appellant testified as to his alcohol
problem and the troubles that he had had with depression.








The evidence is both factually and legally sufficient.  Jackson v. Virginia, 443 U.S. 307
(1979);   Johnson v. State, 23 S.W.3d 1
(Tex.Cr.App.2000); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Clewis v.
State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
The record does not reflect that counsel=s representations were not within the
range of competence demanded of attorneys in criminal cases or that there is a
reasonable probability that, but for counsel=s error, appellant would have not pleaded
guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d
530 (Tex.Cr.App.1997).  Trial counsel
provided reasonably effective assistance. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999).  Appellant=s plea for
rehabilitation and the State=s request that all the sentences be
stacked were reject by the trial court who then assessed punishment within the
range authorized by the legislature.[2]  We agree that the appeals are without merit.

The judgments of the trial court are affirmed.

 

PER CURIAM

 

July
18, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.

 

 











[1]The record reflects that
K.C. and S.C. were not related.





[2]TEX. PENAL CODE ANN. ' 43.26 (Vernon Supp. 2002)
defines the offense of possession of child pornography and declares it to be a
second degree felony.  TEX. PENAL CODE
ANN. '12.33 (Vernon 1994)
provides that a person convicted of a second degree felony shall be confined
for a term of not more than 20 years and not less than 2 years.  An option fine not to exceed $10,000 is also
authorized.  TEX. PENAL CODE ANN. ' 22.021 (Vernon Supp.
2002) defines the offense of aggravated sexual assault of a child and declares
it to be a first degree felony.  TEX.
PENAL CODE ANN. ' 12.32 (Vernon 1994)
provides that a person convicted of a first degree felony shall be imprisoned
for life or for a term of not more than 99 years and not less than 5
years.  An optional fine not to exceed
$10,000 is also authozied.